UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WILLIAM DAVIDSON,

                Plaintiff,

- against -

NEW YORK CITY IN ENTITLEMENT NEW
YORK STATE,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-0453 (RRM) (LB)

**MAUSKOPF, United States District Judge.**

    Plaintiff William Davidson, currently incarcerated at Clinton Correctional Facility, filed this *pro se* action on February 7, 2011. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted. For the reasons discussed below, plaintiff's complaint is dismissed.

### STANDARD OF REVIEW

    Under 28 U.S.C. § 1915A, the District Court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A (2006). Upon review, the District Court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). *See also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

    Furthermore, as plaintiff is proceeding *pro se*, his complaint is held to less stringent

standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89 (2007), and the Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Thus, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## DISCUSSION

Plaintiff's complaint is incomprehensible. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Here, given the "labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension," *Shomo v. State of New York*, 374 Fed. Appx. 180, 183 (2d Cir. 2010) (quoting *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972)), the defendants and the Court should be not required to expend the time, effort and resources necessary to determine what claims, if any, plaintiff has alleged. Moreover, because the deficiencies in the complaint could not be cured by amendment, the Court concludes that it would

be futile to grant plaintiff leave to amend the complaint. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002).

## CONCLUSION

For the reasons set forth above, the complaint is dismissed as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. § 1915A and for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail to Plaintiff a copy of this Order and the separate Judgment entered herein.

SO ORDERED.

Dated: Brooklyn, New York
February 28, 2011

ROSLYNN R. MAUSKOPF
United States District Judge